```
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF CONNECTICUT


KHALID IBRAHIM                :
                              :                    PRISONER
     v.                       :       Case No. 3:12cv322(DJS)
                              :
SCOTT SEMPLE                  :
                              :
```

**RULING ON AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

The petitioner, Khalid Ibrahim, an inmate currently confined at the Corrigan-Radgowski Correctional Institution in Uncasville, Connecticut, brings this action *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He challenges his 1997 convictions for kidnapping and felony murder.  For the reasons that follow, the amended petition is denied.

I.  **Standard of Review**

The federal court will entertain a petition for writ of habeas corpus challenging a state court conviction only if the petitioner claims that his custody violates the U.S. Constitution or federal laws.  28 U.S.C. § 2254(a).  A claim that a state conviction was obtained in violation of state law is not cognizable in the federal court.  *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

Section 2254(d) "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*,

559 U.S. 766, 773 (2010) (citations and internal quotation marks omitted).  A federal court cannot grant a petition for a writ of habeas corpus filed by a person in state custody with regard to any claim that was rejected on the merits by the state court unless the adjudication of the claim in state court either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Clearly established federal law is found in holdings, not dicta, of the Supreme Court at the time of the state court decision.  *See Carey v. Musladin*, 549 U.S. 70, 74 (2006).  Thus, "circuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court.'" *Parker v. Matthews*, 132 S. Ct. 2148, 2155 (2012) (quoting 28 U.S.C. § 2254(d)(1)).  The law may be a generalized standard or a bright-line rule intended to apply the standard in a particular context.  *See Kennaugh v. Miller*, 289 F.3d 36, 42 (2d Cir. 2002).

A decision is "contrary to" clearly established federal law where the state court applies a rule different from that set forth by the Supreme Court or if it decides a case differently than the Supreme Court on essentially the same facts.  *Bell v. Cone*, 535 U.S. 685, 694 (2002).  A state court unreasonably

applies Supreme Court law when the court has correctly identified the governing law, but unreasonably applies that law to the facts of the case, or refuses to extend a legal principle clearly established by the Supreme Court to circumstances intended to be encompassed by the principle. *See Davis v. Grant*, 532 F.3d 132, 140 (2d Cir. 2008). The state court decision must be more than incorrect; it also must be objectively unreasonable which is a substantially higher standard. *See Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

When reviewing a habeas petition, the federal court presumes that the factual determinations of the state court are correct. The petitioner has the burden of rebutting that presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Cullen v. Pinholster*, ___ U.S. ___, 131 S. Ct. 1388, 1398 (2011) (standard for evaluating state-court rulings where constitutional claims have been considered on the merits is highly deferential and difficult for petitioner to meet). In addition, the federal court's review under section 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. *See Id.*

II. **Procedural History**

On August 18, 1993, an Assistant State's Attorney for the Geographical Area 13 filed an Information charging the petitioner with one count of conspiracy to commit murder in violation of Conn. Gen. Stat. §§ 53a-48 and 53a-54a. On March 10, 1994, a

judge advised the petitioner of his rights, appointed a public defender to represent him and set bond at $250,000.00. On March 22, 1994, a judge transferred the case to Hartford Superior Court. *See* Resp't's Mem. Opp'n Pet. Writ Habeas Corpus, App. B at 3. On June 9, 1994, a judge held a probable cause hearing and found probable cause existed to charge the petitioner with the crimes of murder, conspiracy to commit murder, felony murder and kidnapping. The petitioner pleaded not guilty to all charges. *See id.* at 3-5. On August 17, 1994, a judge appointed a new special public defender to represent the petitioner. *See id.* at 8.

On September 27, 1995, the Assistant State's Attorney filed a Substitute Information charging the petitioner with one count of murder in violation of Conn. Gen. Stat. § 53a-54a(a), one count of felony murder in violation of Conn. Gen. Stat. § 53a-54c, one count of conspiracy to commit murder in violation of Conn. Gen. Stat. §§ 53a-48 and 53a-54a(a) and one count of kidnapping in the first degree in violation of Conn. Gen. Stat. § 53a-92(a)(2)(A). *See id.* at 9. On October 4, 1995, the jury trial began. On October 23, 1995, the judge declared a mistrial because the jury was deadlocked. *See id.* at 6.

The State of Connecticut decided to re-try the petitioner on the same counts that were contained in the Substitute Information filed in September 1995. On May 15, 1997, the re-trial commenced with the presentation of evidence by the State of

4

Connecticut.  On May 30, 1997, a jury convicted the petitioner of felony murder and kidnapping in the first degree and found the petitioner not guilty of murder and conspiracy to commit murder. (*See id.* at 10.)  On July 25, 1997, a judge sentenced the petitioner to at total effective sentence of fifty years.  *See id.* at 6-10.

The petitioner appealed his conviction on the ground that the trial judge's instruction to the jury on reasonable doubt violated his state and federal due process rights.  The Connecticut Appellate Court considered the appeal together with the appeal of an unrelated defendant, Ruperto Vicente, because the claims raised by the petitioner were virtually identical to the claims raised by the defendant Vicente.  *See State v. Ibrahim*, 62 Conn. App. 634 (2001); *State v. Vicente*, 62 Conn. App. 625 (2001).  Thus, the Appellate Court "dispose[d] of the [petitioner's] claims . . . in the same fashion and for the same reasons as in *State v. Vicente*, supra, 62 Conn. App. 625, 772 A.2d 643 (2001)."  *Ibrahim*, 62 Conn. App. at 634. In *Vicente*, the Connecticut Appellate Court affirmed the trial court's judgment after concluding that the court's jury instructions on reasonable doubt "were correct in law, sufficient to guide the jury without being misleading and in no way resulted in manifest injustice." 62 Conn. App. at 633. In a *per curiam* opinion issued on April 10, 2001, the Connecticut Appellate Court likewise affirmed the judgment of the trial court with regard to Ibrahim. *Ibrahim*, 62

5

Conn. App. at 634. On May 30, 2001, the Connecticut Supreme Court denied certification to appeal the decision of the Connecticut Appellate Court. *See State v. Ibrahim*, 256 Conn. 919 (2001).

On September 2, 1999, the petitioner filed a state habeas petition.  The petitioner filed second and third state habeas petitions in 2002.  The Connecticut Superior Court for the Judicial District of Danbury consolidated the habeas petitions. On August 15, 2005, the petitioner withdrew the consolidated actions.  *See* Resp't's Mem. Opp'n Pet. Writ Habeas Corpus, App. E at 7.

On September 29, 2005, the petitioner filed a fourth state habeas corpus petition in the Connecticut Superior Court for the Judicial District of Tolland.  *See Ibrahim v. Warden*, No. CV054000707S, 2009 WL 3416549 (Conn. Super. Ct. Sept. 28, 2009). The court appointed counsel to represent the petitioner and counsel filed two amended petitions.

The second amended petition included one ground claiming that trial counsel was ineffective in multiple ways.  *See* Resp'ts' Mem. Opp'n Pet. Writ Habeas Corpus, App. E at 5-7.  On September 28, 2009, after a hearing, the court denied the petition.  *See Ibrahim*, 2009 WL 3416549, at *2-4.

On appeal, the petitioner claimed that the habeas judge had erred in concluding that trial counsel had not neglected to advise him concerning his right to testify on his own behalf at trial. The Connecticut Appellate Court affirmed the decision of

the habeas court on November 8, 2011.  *See Ibrahim v. Commissioner*, 132 Conn. App. 902 (2011) (*per curiam*).  On December 8, 2011, the Connecticut Supreme Court denied Ibrahim's petition for certification.  *See Ibrahim v. Commissioner of Correction*, 303 Conn. 914 (2011).

### III. **Factual Background**

The Connecticut Superior Court determined that the jury could have reasonably found the following facts:

> The petitioner was a drug dealer operating out of southern Massachusetts.  On November 13, 1991, the petitioner received a page on his beeper displaying a number that signified to him to meet associates at a certain apartment complex in Springfield.  When the petitioner arrived, his friend and subsequent co-defendant John Dalton informed him that Dalton had been robbed of money and the drugs the petitioner had arranged for Dalton to sell that night out of a nearby apartment, where drugs were routinely sold and used.  Albert Wilkerson, the victim, was with Dalton, who identified Wilkerson as one of the three men who robbed him.  The petitioner and Dalton attacked the victim and forced him into the petitioner's car.  The victim was apologetic and offered to pay back the amounts stolen, and offered to assist in finding the other two robbers, Larry Sutton and a man known as "Boss."  After making stops at several other drug houses in attempts to do so, the petitioner drove south on Interstate 91 for approximately twenty to thirty minutes, then taking exit 42 in Enfield.  As the car passed an embankment and construction site, the petitioner slowed down, at which point the victim leapt out of the car and began to flee.  Dalton and the petitioner gave chase, and Dalton shot the victim four times in the head.  The victim's skeletal remains were discovered some time later by a passing motorist.

*Ibrahim*, 2009 WL 3416549, at *1.

**IV.  Discussion**

The petitioner challenges his conviction on three grounds. He claims that (1) the trial judge erroneously instructed the jury on reasonable doubt; (2) the Connecticut Constitution requires a more stringent standard for reviewing jury instructions on reasonable doubt; and (3) trial counsel rendered ineffective assistance.

**A.   Jury Instruction - Reasonable Doubt**

On direct appeal, the petitioner contended that the trial judge erred in his instructions to the jury on the concept of reasonable doubt.  Because the facts regarding these claims are not disputed by the parties, the Court concludes that no evidentiary hearing is required in this case.

The burden of proof for a state prisoner regarding a claim of improper jury instruction is substantial.

> The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal.  The question in such a collateral proceeding is whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process, not merely whether the instruction is undesirable, erroneous, or even universally condemned.

*Henderson v. Kibbe*, 431 U.S. 145, 154 (1977) (internal quotation marks, citation, and footnote omitted).  "A jury charge in a

8

state trial is normally a matter of state law.  Absent a showing that alleged errors were such as to deprive defendant of a federal constitutional right, the charge is not reviewable on federal habeas corpus."  *United States ex rel. Stanbridge v. Zelker*, 514 F.2d 45, 50 (2d Cir. 1975).

The petitioner challenges the constitutionality of the trial court's instruction that a reasonable doubt is something "more than a guess or surmise.  It's not conjecture or a fanciful doubt."  Am. Pet. Writ Habeas Corpus at 6.  As noted above, the Connecticut Appellate Court decided this issue in the same manner and for the same reasons when it decided an essentially identical issue in the case of *State v. Vicente*, 62 Conn. App. 625 (2001).

In both the petitioner's underlying criminal case and in *Vicente*, the jury instruction claim was not preserved at trial.  *See* Resp'ts' Mem. Opp'n Pet. Writ Habeas Corpus, App. C at 18-19.; *Vicente*, 62 Conn. App. at 628.  The Connecticut Appellate Court determined, however, that although the claim had not been preserved, it was reviewable as a claim of constitutional magnitude.  *See id.* at 630.

The Supreme Court has long held that jury instructions "must be viewed in the context of the overall charge," and a "single instruction to a jury may not be judged in artificial isolation." *Cupp* v. Naughten, 414 U.S. 141, 146-47 (1973).  Thus, the Court considers "whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way that violates the

9

Constitution." *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (internal quotation marks omitted). In *Victor v. Nebraska*, 511 U.S. 1 (1994), the Court held that "so long as the court instructs the jury on the necessity that the defendant's guilt be proved beyond a reasonable doubt, the Constitution does not require that any particular form of words be used in advising the jury of the government's burden of proof.  Rather, taken as a whole, the instructions [must] correctly convey the concept of reasonable doubt to the jury." *Id.* at 5 (citations and internal quotation marks omitted).

In reviewing the trial court's jury instruction on reasonable doubt, the Connecticut Appellate Court acknowledged that it must consider the instruction within the context of the entire jury charge and must determine if the instruction so infected the entirety of the trial that it resulted in a conviction that violated due process. *See Vicente*, 62 Conn. App. at 630. The Connecticut Appellate Court's statement of the law regarding its review of jury instructions, although taken from state cases, is consistent with Supreme Court precedent.  Because the Connecticut Appellate Court applied the correct legal principles, the decision is not contrary to federal law. *See Early v. Packer*, 537 U.S. 3, 8 (2002) (holding that a state court need not be aware of nor cite relevant Supreme Court cases, as long as the reasoning and decision do not contradict those cases).  Thus, the Court considers whether the decision of the

10

Connecticut Appellate Court involved an unreasonable application of federal law as determined by the Supreme Court.

As set forth above, the standard of review on a petition for a writ of habeas corpus challenging a conviction is stricter than the standard on direct review of a conviction. To obtain relief, the petitioner must identify Supreme Court precedent requiring the desired result. Here, the petitioner fails to identify any Supreme Court case considering the language to which he objects and holding that the challenged language violated a criminal defendant's right to due process or a fair trial.

The Connecticut Appellate Court rejected the petitioner's claim because the challenged language was similar to language in other cases in which the Connecticut Supreme Court had upheld the constitutionality of the instruction. In addition, the Appellate Court concluded that the language used by the trial judge was sufficient to guide the jury without being misleading. *See Vicente*, 62 Conn. App. at 627 n.1, 633.

In addition, a review of the entire jury charge reflects that the trial judge reiterated the prosecution's burden to prove each element of the crime beyond a reasonable doubt and emphasized the presumption of innocence. *See* Resp'ts' Mem. Opp'n Pet. Writ Habeas Corpus, App. L, Trial Tr. 748-805, May 28, 1997. In light of this repeated emphasis on the prosecution's burden, the Connecticut Appellate Court's decision that the challenged

statements did not violate Connecticut precedent or infect the trial to such a degree that the petitioner's conviction violated due process was not unreasonable.  *See Cupp*, 414 U.S. at 146 (petitioner must show "not merely that the instruction is undesirable, erroneous, or even 'universally condemned,' but that it violated some right which was guaranteed to the defendant by the Fourteenth Amendment"). Accordingly, this Court concludes that the Connecticut Appellate Court's decision upholding the trial court's instruction on reasonable doubt was a  reasonable application of Supreme Court law.  The petition for a writ of habeas corpus is denied as to this claim.

    B.    **Connecticut Standard for Reasonable Doubt Instruction**

The petitioner contends that the Connecticut Constitution requires a different standard than the Federal Constitution in determining the sufficiency of jury instructions by a state court judge in a criminal trial.  The petitioner appears to be attempting to assert that the trial judge's jury instruction on reasonable doubt would not meet what he claims is a stricter standard for review of jury instructions under the Connecticut Constitution.

A federal court's review of a habeas petition challenging a state conviction "is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States" and does not include a reexamination of determinations of a state

court on state law. *Estelle*, 502 U.S. at 67-68. Thus, federal habeas corpus relief is not available to remedy a violation of state law. *See Swarthout v. Cooke*, 562 U.S. 216, 131 S. Ct. 859, 861 (2011) (It is well established that "federal habeas corpus relief does not lie for errors of state law" (internal quotation marks omitted)). The Court concludes that the second ground in the present federal petition does not assert a violation of the United States Constitution or federal law. Rather, the petitioner is requesting federal review of an alleged violation of state law. Such a claim is not cognizable in a federal habeas petition. For that reason, the petition for writ of habeas corpus is denied as to the second claim for relief.

    C.    **<u>Ineffective Assistance of Trial Counsel</u>**

The petitioner argues that trial counsel was ineffective by failing to inform him of the pros and cons of testifying at trial. An ineffective assistance of counsel claim is reviewed under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail, petitioner must demonstrate, first, that counsel's conduct "fell below an objective standard of reasonableness" established by "prevailing professional norms," and, second, that this deficient performance caused prejudice to him. *Id.* at 687-88.

To satisfy the prejudice prong of the *Strickland* test, petitioner must show that there is a "reasonable probability

13

that, but for counsel's unprofessional errors, the result of the proceeding would have been different;" the probability must "undermine confidence in the outcome" of the trial.  *Id.* at 694.  The court evaluates counsel's conduct at the time the decisions were made, not in hindsight, and affords substantial deference to counsel's decisions.  *See Rompilla v. Beard*, 545 U.S. 374, 381 (2005).  To prevail, petitioner must demonstrate both deficient performance and sufficient prejudice.  *See Strickland*, 466 U.S. at 700.  Thus, if the court finds one prong of the standard lacking, it need not consider the remaining prong.  *See id.* at 697.

    The Court will consider the last reasoned state court decision to determine whether that decision is an unreasonable application of federal law.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991).  Here, the Court reviews the decision of the Connecticut Superior Court denying the petition for writ of habeas corpus.

    It is well settled that a defendant in a criminal case has a constitutional right to testify on his own behalf.  *See Rock v. Arkansas*, 483 U.S. 44, 51 (1987).  Furthermore, that right is so "fundamental and personal to the defendant" that it is "waivable only by the defendant."  *Brown v. Artuz*, 124 F.3d 73, 77,78 (2d Cir. 1997) (internal quotation marks omitted).

    In analyzing this claim, the Connecticut Superior Court

applied the standard established in *Strickland*.  Because the state court applied the correct legal standard, the state court decision cannot meet the "contrary to" prong of 28 U.S.C. § 2254(d)(1).

At the habeas trial, the petitioner was the sole witness. Attorney Michael Graham, who represented him at the criminal trial, had passed away by the time the hearing took place.  *See Ibrahim*, 2009 WL 3416549, at *1 n.1.  The petitioner testified that had his trial attorney suggested he take the stand to counter the damaging testimony given by his co-defendant, he would have testified to a different version of events, thereby implicating his co-defendant in the shooting of the victim.  *See id.* at *3.  The habeas court found the petitioner's testimony to be self-serving.  *See id.*

Furthermore, the habeas court noted that the petitioner conceded that he did not relate his version of events to Attorney Graham, never informed Attorney Graham that he wanted to testify at any time before or during the trial, and informed the trial judge, prior to the presentation of his case to the jury, that he was aware he had a right to testify and understood that it was his decision as to whether or not he would testify.  *See id.*; Resp'ts' Mem. Opp'n Pet. Writ Habeas Corpus, App. H, Habeas Tr. 3-5, 46-48, 53, Apr. 20, 2009.  In fact, at the conclusion of the State's presentation of evidence, the trial judge engaged in a

colloquy with the petitioner regarding his right to choose to testify or not testify at trial.  *See* Resp'ts' Mem. Opp'n Pet. Writ Habeas Corpus, App. L, Trial Tr. 630-31, May 22, 1997.  The trial judge informed the petitioner that it was his decision to testify or not to testify and that he would likely want to discuss this decision with his attorney.  The petitioner acknowledged that he understood his rights and had no further questions or issues to discuss regarding his decision to testify or not to testify.  *See id.*

Given the trial judge's colloquy and the petitioner's response to the trial judge's questions at trial and the petitioner's testimony at the habeas hearing, the habeas judge concluded he could not find that trial counsel's performance was deficient.  *See Ibrahim*, 2009 WL 3416549, at *3.  Even if counsel had not discussed the pros and cons of petitioner's potential testimony prior to the commencement of trial, the judge raised the issue and the petitioner had the opportunity to discuss his potential testimony with counsel before the conclusion of the trial.  The petitioner conceded at the habeas trial that he did not raise the issue either with trial counsel or with the trial judge.[1]  Absent any indication that the petitioner had informed

---

[1] Although the petitioner mentioned at the habeas hearing that he had discussed his wish to testify with the attorney who had represented him at the probable cause hearing in June 1994, he did not indicate whether that attorney related this

counsel or the trial judge that he wanted to testify or that his testimony might set forth a different version of events or be beneficial in proving the petitioner's innocence or suggesting reasonable doubt as to his guilt, there was no basis to find that trial counsel's alleged failure to discuss the implications of the petitioner's potential testimony or to decide to call the petitioner to testify at trial constituted deficient performance. *See Strickland*, 466 U.S. at 690 ("Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.").

This Court concludes that the Connecticut Superior Court judge reasonably applied the *Strickland* standard in reviewing the petitioner's ineffective assistance of counsel claim to determine that the alleged failure of trial counsel to explain the benefits and dangers of testifying at trial was not deficient.  Because the determination of the habeas judge regarding the level of performance provided by trial counsel was not an unreasonable application of the first prong of the *Strickland* standard, the amended petition is denied as to the claim of ineffective

---

information to Attorney Graham at the time he took over representation in August 1994.  Resp'ts' Mem. Opp'n Pet. Writ Habeas Corpus, App. H, Habeas Tr. 48, Apr. 20, 2009. Furthermore, the petitioner conceded that he never discussed his desire to testify with Attorney Graham at any time.

assistance of trial counsel.

**V.    Conclusion**

The Amended Petition for Writ of Habeas Corpus [**Doc. No. 24**] is **DENIED**.  The Clerk is directed to enter judgment in favor of the respondent and close this case.

The court concludes that petitioner has not shown that he was denied a constitutionally or federally protected right. Thus, any appeal from this order would not be taken in good faith and a certificate of appealability will not issue.

So Ordered this 10th day of November, 2014, at Hartford, Connecticut.

　　　　　　　　　　　　　　　　／s／ DJS
　　　　　　　　　　　　　　　DOMINIC J. SQUATRITO
　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE